UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL J. BROWN                                             CIVIL ACTION

VERSUS                                                       NO. 11-1763

SHERIFF ROBERT CROWE                                         SECTION "N" (2)

## FINDINGS AND RECOMMENDATION

At the time of filing this complaint, plaintiff, Michael J. Brown, was an inmate incarcerated in the Washington Parish Jail.   Plaintiff filed the captioned suit pursuant to 42 U.S.C. § 1983 alleging that, while incarcerated at the jail, he was denied access to the courts due to an inadequate law library and/or legal assistance, inadequate security, and failure to provide proper hygiene products and medical care for scabies. The complaint seeks injunctive relief and monetary compensation in the amount of $50,000.  Record Doc. No. 1, Complaint at ¶¶ IV and V.

By order dated August 17, 2011, Record Doc. No. 13, a preliminary conference was scheduled in this case on September 22, 2011.  The purpose of the conference was to examine the basis of plaintiff's claims and to select pretrial and trial dates, if appropriate.  A review of the record indicates that this order was mailed to plaintiff at his address at the Washington Parish Jail as indicated in his complaint and on the envelope in which he mailed his complaint to the court.  This order has not been returned to the court. At the time of the conference on September 22, 2011, counsel for defendants

appeared via telephone.  Plaintiff failed to appear, either in person or by telephone, or to contact the court in any way.  Staff of the Washington Parish Jail, where plaintiff was incarcerated at the time he filed this suit, advised the court that plaintiff had been released from incarceration on September 20, 2011, and provided the court with the forwarding address provided by plaintiff when he was booked into the jail.

Because plaintiff failed to appear on September 22, 2011, by order issued that date, plaintiff was required to appear before me on October 6, 2011, either in person or by telephone, to show cause why this case should not be dismissed with prejudice for failure to prosecute and to provide testimony pursuant to <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985), and its progeny.  Plaintiff was specifically instructed that failure again to appear as ordered would result in dismissal of his case with prejudice.  In addition, plaintiff was further advised that he had <u>not</u> complied with Local Rules 11.1 and 41.3.1 because he had failed to provide the court with written notice of his change of address.  Record Doc. No. 14.  This order was mailed to plaintiff at the forwarding address provided to the court by the jail.  The order was returned to the court with the notations "NO SUCH STREET" and  "UNABLE TO FORWARD."  Record Doc. No. 15.  At the time of the conference on October 6, 2011, plaintiff again failed to appear in person or contact the court in any way.

Some mail addressed to plaintiff has been returned to the court. All litigants are obligated to keep the court advised of any address change.  Local Rules 11.1 and 41.3.1. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated July 14, 2011, and signed by plaintiff:  "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."  Record Doc. No. 1, Complaint at ¶ VI(2).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.  Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989);  Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  Birl v. Estelle, 660 F.2d 592, 593

(5th Cir. 1981); <u>Edwards v. Harris County Sheriff's Office</u>, 864 F. Supp. 633, 637 (S.D.

Tex. 1994).  A pro se litigant who fails to comply with procedural rules has the burden

of establishing excusable neglect, which is a strict standard requiring proof of more than

mere ignorance.  <u>Kersh v. Derozier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988); <u>Birl</u>, 660 F.2d

at 593.

      "[T]he failure of a pro se litigant to notify the district court of an address change

may be considered by the district court as an additional cause for dismissal for failure to

prosecute." <u>Lewis v. Hardy</u>, 248 Fed. Appx. 589, 2007 WL 2809969, at *4 n. 1 (5th Cir.

2007).

      The court has attempted through its orders to have plaintiff provide it with the

information necessary to prosecute plaintiff's case.  Plaintiff's failure to comply with the

court's August 17 and September 22, 2011 orders to participate in a conference with the

court clearly reflects a failure on the part of plaintiff to prosecute.  Thus, the record

establishes that plaintiff has failed to comply with two (2) court orders.  In addition,

plaintiff has failed to provide the court with a proper mailing address upon his release

from prison, as required by the Local Rules.  This record of several failures to comply

with the court's orders and rules establishes a clear record of continuing delay or

contumacious conduct, including the aggravating factor that it has been caused by and

is exclusively attributable to plaintiff himself, justifying dismissal.  <u>See</u> <u>Torns v. State</u>

of Miss. Dept. of Corrections, 262 Fed. Appx. 638, 639, 2008 WL 217771, *1 (5th Cir. 2008); Raborn v. Inpatient Management Partners, Inc., 278 Fed. Appx. 402, 404-05, 2008 WL 2073880, *2 (5th Cir. 2008); Aucoin v. K-Mart, 943 F.2d 6 (5th Cir. 1991) (upholding trial court's dismissal for failure to prosecute of the slip-and-fall case of a plaintiff who failed to appear as ordered for a status conference).

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders. It is further suggested that the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions,

and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Michael J. Brown be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this _____13th_____ day of October, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

_____

**CLERK TO NOTIFY ALL
PARTIES AND PLAINTIFF AT
THE FOLLOWING ADDRESSES:**

**MICHAEL J. BROWN
25256 CHARLIE CONERLY RD.
FRANKLINTON, LA 70438**

**MICHAEL J. BROWN
WASHINGTON PARISH JAIL
P. O. BOX 677
FRANKLINTON, LA 70438**